

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QI LIU,<br><br>               Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>               Respondents. | Case No.:  26-cv-1330-RSH-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 2] |

On March 2, 2026, petitioner Qi Liu filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner also filed a motion for appointment of a Mandarin interpreter for all hearings in this case. ECF No. 2. On March 17, 2026, Respondents filed a return. ECF No. 6.

Petitioner, a citizen of China, alleges that he originally entered the United States on December 5, 2024 without inspection. ECF No. 1 at 1. He states, "I contest my incarceration in immigration detention because I was detained by the Department of Homeland Security since 12/5/24." *Id.* at 20. However, he also states that on August 12, 2025, he "drove to San Diego on business and ended up driving into Mexico in error during rush hour," and that he "was apprehended by immigration authorities on August 15, 2025 in California when he attempted to return to his family in the U.S." *Id.* at 1. Petitioner

alleges that his detention is unlawful, because Respondents acted unlawfully in revoking his release. *See id.* at 9 ("By categorically revoking Petitioner's release … Respondents have violated the APA."); 11 ("Here, Respondents have chosen to revoke Petitioner's release in an arbitrary manner and not based on a rational and individualized determination of whether he is a safety or flight risk, in violation of due process."). However, Petitioner has not established that, for purposes of evaluating the lawfulness of revoking his release, he was ever "released" in the first place. Depending on how one construes the Petition, Petitioner has either been detained continuously (1) since December 5, 2024, the day he entered the United States without inspection; or (2) since August 15, 2025, the day he attempted to unlawfully re-enter the United States after having accidentally entered Mexico days earlier. The Petitioner does not set forth a basis on which the Court can conclude that Petitioner's release was unlawfully revoked.

Respondents take the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), but based on rulings of courts in this district, "concede[] that the Court should order Petitioner to receive a bond hearing, where the government would bear the burden of proof establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." ECF No. 6 at 1-2. Petitioner does not specifically request this relief, although his prayer for relief seeks "any further relief this Court deems just and proper." ECF No. 1 at 13.

Accordingly, the Court **GRANTS** the petition as follows. Respondents are directed to arrange a bond hearing for petitioner Qi Liu before an immigration court pursuant to 8 U.S.C. § 1226(a) within ***ten (10) days*** of this order, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight. The Court declines to order Petitioner's immediate release or any further relief sought.

//

//

//

In light of this disposition, Petitioner's motion for appointment of a Mandarin interpreter for future hearings in this case [ECF No. 2] is **DENIED** as moot.

    **IT IS SO ORDERED**.

Dated: March 18, 2026

_Robert S. Huie_____

Hon. Robert S. Huie
United States District Judge

26-cv-1330-RSH-MSB